**CAMILLE J. KASSAR, ESQ.**
**ATTORNEY ID: 041531991**
**Law Offices of Camille Kassar, LLC**
A LIMITED LIABILITY COMPANY
ATTORNEYS AT LAW
26 COLUMBIA TURNPIKE, SUITE 101
FLORHAM PARK, NEW JERSEY 07932
TELEPHONE: 973-520-8806
FAX: 973-860-2448
Attorneys for Defendant, **CESAR CORDERO**
**Our File No. CC-2022**

| | |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, et. al. | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION<br>PASSAIC COUNTY<br>CIVIL PART<br>DOCKET NO. SWC-F-9282-20 |
| Plaintiff, | |
| vs. | Civil Action |
| ELLIOT REYES, et. al | |
| Defendant, | **NOTICE OF CROSS MOTION TO VACATE DEFAULT AND TO ALLOW FOR THE FILING OF A THIRD-PARTY COMPLAINT FOR DECLARATORY JUDGMENT** |
| -AND- | |
| CESAR CORDERO | |
| Third-Party Plaintiff, | |
| vs. | |
| OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY | |
| Third-Party Defendant | |

TO: ALL COUNSEL

**PLEASE TAKE NOTICE** that on Friday, **September 27, 2022** at 9:00 a.m. in the forenoon or soon thereafter as counsel may be heard, the undersigned, attorneys for defendant, CESAR CORDERO, shall make an application to the above Court at the Passaic County Courthouse, 77 Hamilton Street, Paterson, New Jersey, for an Order Vacating Default pursuant to Rule 4:43-3 and an Order granting Defendant's Cross Notice of Motion to file a Third-Party Complaint.

In support of the within application, the undersigned shall rely upon the attached Certification of Camille J. Kassar, Esq. with exhibits, and supporting letter brief.

A proposed form of order is attached.

**LAW OFFICES OF CAMILLE KASSAR, LLC**
Attorneys for Defendant Meiry Tabatneck

BY: _____
CAMILLE J. KASSAR

Dated: September 15, 2022

## CERTIFICATION OF SERVICE

I, CAMILLE J. KASSAR, Esq., attorney for defendant CESAR CORDERO, do hereby certify that a copy of the foregoing Notice of Motion and all supporting papers were electronically filed with the Clerk of the Court, and were by virtue thereof contemporaneously served upon counsel of record.

_____
CAMILLE J. KASSAR

Dated: September 15, 2022

Pretrial Date: None
Calendar Call: None
Trial Date:    None

**CAMILLE J. KASSAR, ESQ.**
**ATTORNEY ID: 041531991**
**Law Offices of Camille Kassar, LLC**
A LIMITED LIABILITY COMPANY
ATTORNEYS AT LAW
26 COLUMBIA TURNPIKE, SUITE 101
FLORHAM PARK, NEW JERSEY 07932
TELEPHONE: 973-520-8806
FAX: 973-860-2448
Attorneys for Plaintiff, **MEIRY TABATNECK**
**Our File No. MT-2021**

| | |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, et. al.<br><br>Plaintiff,<br><br>vs.<br><br>ELLIOT REYES, et. al<br><br>Defendant,<br><br>-AND-<br><br>CESAR CORDERO<br><br>Third-Party Plaintiff,<br><br>vs.<br><br>OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY<br><br>Third-Party Defendant | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: PASSAIC COUNTY<br>DOCKET NO. PAS-L-9282-21<br><br>Civil Action<br><br>**CERTIFICATION IN OPPOSITION TO THE MOTION FOR ENTRY OF DEFAULT JUDGMENT AND IN SUPPORT OF THE CROSS NOTICE OF MOTION TO VACATE DEFAULT AND ALLOW THE FILING OF A THIRD-PARTY COMPLAINT DEFENSES** |

    **TO:**    **All Counsel**

I, **CAMILLE JOSEPH KASSAR, ESQ.**, of full age, certify and state as follows:

1. I am an attorney at law of the State of New Jersey, and I am a member with the law firm of the Law Offices of Camille Kassar, LLC, attorneys for CESAR CORDERO in the above-captioned matter.

2. I am the attorney entrusted with the handling of this case, and as such, I am fully

familiar with the facts contained herein.

3. This matter arises from an alleged breach of contract by defendant Elliot Reyes.

4. Default was entered in this matter on May 9, 2022.

5. That at all times hereinafter mentioned, CORDERO was and is an individual residing in the State of New Jersey.

6. CORDERO is the owner of the mortgaged premises (the "Premises") known as 1039-1041 E. 23rd Street, Paterson, NJ 07513 (LOT:8914 A/K/A L1503 in BLOCK 24 A/K/A 14).

7. CORDERO purchased the premises from DEFENDANT ELLIOT REYES on or about June 7, 2010.

8. Before purchasing said premises, CORDERO secured a TITLE INSURANCE policy through OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY ("OLD REPUBLIC"), purporting to "clear title" prior to the sale of the premises.

9. At all times hereinafter mentioned, defendant OLD REPUBLIC ("SELECTIVE"), was and is a corporation, duly organized and existing under the laws of the State of Pennsylvania, with a principal place of business located at 1200 Liberty Ridge Drive, Suite 100, Wayne, PA., 19087-5568.

10. Upon information and belief, at all times hereinafter mentioned, OLD REPUBLIC was a licensed insurance company in the State of New Jersey.

11. As such, OLD REPUBLIC was duly authorized to transact the business of insurance in the State of New Jersey and issued insurance policies and/or insured risks in this state.

12. This Court has subject matter jurisdiction over this action pursuant to the Uniform Declaratory Judgments Act, N.J.S.A. 2A:16-50 et seq., and other laws of New Jersey. There exists a justiciable controversy between the parties to this action in which the

plaintiff has a direct interest.

13. This Court has personal jurisdiction over each defendant in that, they are licensed or authorized to do business in New Jersey, or, they transact or has transacted the business of selling insurance in New Jersey during all relevant time periods, or, they have voluntarily submitted themselves to the jurisdiction of this court.

14. Venue is proper in this Court, pursuant to R. 4:3-2(a) in that plaintiff is a municipal corporation located in Passaic County, the property affected by this action is located in Passaic County, and the defendants do business in Passaic County.

15. This is an action for breach of OLD REPUBLIC'S contractual obligations of an Owner's Policy of Title Insurance issued to CORDERO under policy number SB 08017851.

16. WILMINGTON has filed the underlying action against the Defendants, including CORDERO, and is seeking payment of its mortgage issued to Defendant REYES in 2006.

17. Prior to purchasing the premises detailed above, CORDERO obtained an Owner's Policy of Title Insurance from OLD REPUBLIC. (Annexed hereto as Exhibit "A")

18. In connection with the underlying action, CORDERO has paid substantial amounts of money, and will continue to expend substantial amounts of money in the future to preserve his interest in the Premises.

19. CORDERO has also paid, and will continue to pay, defense costs in the underlying action and may pay settlements or judgments in that action.

20. The claims asserted against the CORDERO in the underlying action are covered by the insurance policy that OLD REPUBLIC sold to him and are not excluded therefrom.

21. As such, OLD REPUBLIC is contractually obligated to pay the costs and expenses of the defense, and to pay the legal liability of the CORDERO in connection with

the underlying action.

22. Notice was provided to OLD REPUBLIC in accordance with the aforementioned policy of insurance.

23. Under the terms of the policy of insurance, OLD REPUBLIC was obligated to insure CORDERO'S premises in the amount of $263,000, which is wholly insufficient to resolve WILMINTON'S claim of $368,000.

24. OLD REPUBLIC first received a notice of claim from the co-defendant and Mr. Cordero's insured lender, PHH MORTGAGE CORPORATION ("PHH") in conjunction with its defense in the underlying action.

25. OLD REPUBLIC paid off CORDERO'S mortgage with PHH in the amount of $190,731.90, leaving a balance of the policy in the amount of $72,268.10 (Annexed hereto as Exhibit "B").

26. OLD REPUBLIC has offered that balance to CORDERO, which has been rejected (Annexed hereto as Exhibit "C").

27. As a result of the foregoing, the CORDERO has suffered damages, been caused to incur substantial legal costs and fees, including the costs of instituting, and litigating the within action.

28. In 2010, CORDERO obtained an Owner's Policy of Title Insurance from OLD REPUBLIC.

29. CORDERO paid to purchase the aforementioned Title Insurance Policy from OLD REPUBLIC.

30. CORDERO is an insured under the aforementioned policy.

31. This policy requires that OLD REPUBLIC provide coverage to CORDERO, requiring OLD REPUBLIC to investigate, defend, mitigate losses, and pay the full costs of the investigation, defense, loss, mitigation of the underlying action described above, and to pay the full costs of the investigation, defense, settlements or judgments AND EXCESS

POLICY CLAIMS arising from its breach of contract.

32. Pursuant to the law of the State of New Jersey, the terms and conditions of an insurance policy are given their ordinary meaning, consistent with the reasonable expectations of the insured. Considering the circumstances of the underlying action, it was reasonably expected by CORDERO that OLD REPUBLIC would provide him with a defense and indemnification, as set forth above.

33. CORDERO has demanded that OLD REPBLIC assume its responsibilities and obligations to their insured, namely CORDERO, pursuant to their agreement to insure.

34. OLD REPUBLIC has failed to provide for the CORDERO'S defense and indemnification in the underlying action or to otherwise agree to perform or acknowledge their extracontractual obligations as an insurer to CORDERO.

35. CORDERO has and will be subject to expense and damages, including but not limited to attorney's fees, disbursements, costs, and expenses and may be subject to judgments, verdicts or settlements in the underlying action, due to the breach of the aforesaid insurance agreement by OLD REPUBLIC.

36. CORDERO been caused to expend substantial sums of money in its defense of the underlying action due to the breach of the aforesaid insurance agreement by OLD REPUBLIC.

37. In the event of any judgment or verdict against the CORDERO in the underlying action, CORDERO will be entitled to indemnification and contribution from OLD REPUBLIC, including costs and disbursements, together with any expenses incurred herein, including attorney's fees.

38. CESAR CORDERO has a meritorious defense to the claims made by WILMINGTON as set forth in the correspondence dated January 10, 2022.

39. CESAR CORDERO has a valid claim for Declaratory Judgment as set forth in his proposed Answer and Third-Party Complaint (Annexed hereto as Exhibit D")

40. Rule 4:43-3 provides for setting aside default and states: "For good cause shown, the court may set aside an entry of default and, if a judgment by default has been entered, many likewise set it aside I accordance with R. 4:50." As noted in the comment to that court rule, the required showing for setting aside an entry of default pursuant to this rule is clearly less stringent than that imposed by R.4:50-1 for setting aside a default judgment.

41. As of this submission of the within motion to Vacate Default, no default judgment has been entered.

42. An application to vacate a default judgment is "viewed with great liberality, and every reasonable ground for indulgence is tolerated to the end that a just result is reached." Marder v. Realty Construction Co., 84 N.J. Super 313, 319 (App. Div. 1964), affirmed 43 N.J 508 (1964).

43. Because CESAR CORDERO has demonstrated excusable neglect and meritorious defenses, default should be vacated and CORDERO should be afforded an opportunity to file an Answer and Third-Party Complaint as if within time, Local 478 v. Baron Holding Corp., 224 N.J. Super 485 (App Div 1988 ), O'Connor v. Abraham Altus, 67 N.J. 106, 129 (1975) Bank of New Jersey v. Pulini, 194 Super 604 (App. Div. 1984), Sutchin v. Kasirer, 237 N.J. Super 604 (App. Div. 1990).

44. I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

DATED:   September 15, 2022

_____
CAMILLE JOSEPH KASSAR, ESQ.
ATTORNEY FOR CESAR CORDERO

**CAMILLE J. KASSAR, ESQ.**
**ATTORNEY ID: 041531991**
**Law Offices of Camille Kassar, LLC**
A LIMITED LIABILITY COMPANY
ATTORNEYS AT LAW
26 COLUMBIA TURNPIKE, SUITE 101
FLORHAM PARK, NEW JERSEY 07932
TELEPHONE: 973-520-8806
FAX: 973-860-2448
Attorneys for Plaintiff, **CESAR CORDERO**
**Our File No. CC-2022**

| | |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, et. al.<br><br>Plaintiff,<br><br>vs.<br><br>ELLIOT REYES, et. al<br><br>Defendant,<br><br>-AND-<br><br>CESAR CORDERO<br><br>Third-Party Plaintiff,<br><br>vs.<br><br>OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY<br><br>Third-Party Defendant | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: PASSAIC COUNTY<br>DOCKET NO. PAS-L-9282-21<br><br>Civil Action<br><br>**Order Vacating Default Pursuant to Rule 4:43-3 And Granting CESAR CORDERO'S Motion for Leave to File an Answer and Third-Party Complaint** |

**TO:    All Counsel**

This matter having been opened to the Court by the Law Offices of Camille Kassar, LLC, attorneys for defendant CESAR CORDERO, for an Order pursuant to Rule 4:43-3 vacating the default entered against Defendant on May 9. 2022, and the Court having considered the papers submitted by the parties and having heard argument, and good cause appearing,

IT IS on this _____ day of September, 2022:

1. **ORDERED** that the Order of Default against CESAR CORDERO dated May 9, 2022 is hereby VACATED; and

2. **ORDERED** that Defendant CESAR CORDERO shall file the proposed Answer and Third-Party Complaint within _____ day of this Order; and

3. **ORDERED** that a copy of this Order be served on all parties within \_\_\_\_ days of the date of entry of this Order.

_____
Honorable Randal C. Chiocca, J.S.C

**CAMILLE J. KASSAR, ESQ.**
**ATTORNEY ID: 041531991**
**Law Offices of Camille Kassar, LLC**
A LIMITED LIABILITY COMPANY
ATTORNEYS AT LAW
26 COLUMBIA TURNPIKE, SUITE 101
FLORHAM PARK, NEW JERSEY 07932
TELEPHONE: 973-520-8806
FAX: 973-860-2448
Attorneys for Defendant, **CESAR CORDERO**
**Our File No. CC-2022**

| | |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, et. al.<br><br>Plaintiff,<br><br>vs.<br><br>ELLIOT REYES, et. al<br><br>Defendant,<br><br>-AND-<br><br>CESAR CORDERO<br><br>Third-Party Plaintiff,<br><br>vs.<br><br>OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY<br><br>Third-Party Defendant | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION<br>PASSAIC COUNTY<br>CIVIL PART<br>DOCKET NO. SWC-F-9282-20<br><br>Civil Action<br><br>**CERTIFICATION OF SERVICE** |

TO:  ALL COUNSEL

I hereby certify that a copy of my Cross Notice of Motion, Certification of Camille Joseph Kassar, Esq, Accompanying Letter Brief and Exhibits and a Proposed Order have been filed with the Superior Court of New Jersey, Passaic County Motion's Clerk via **E-FILE** with copies of same to all Counsel vis **E-File and Email** and a copy to the Honorable Randal C. Chiocca, J.S.C via **E-File.**

BY: _____
CAMILLE J. KASSAR

Dated:  September 15, 2022